Wilde, J.
The defence to this action is, that the plaintiff has done no more than it was his duty as a watchman to do, and that a promise of a reward to a man for doing his duty is illegal, or void for want of consideration. The leading case in support of the defence is that of Stotesbury v. Smith, 2 Bur. 924, in which it was held, that it was illegal for the officer, in that case, to take money for doing his duty. He was a bailiff, and the defendant promised to pay him a sum of money, in case he would accept the defendant and another to be bail for a third person. It was decided, that no action could be maintained on such a promise. See also England v. Davidson, 3 P. & D. 594.
The same principle has been applied to promises made to persons not being public officers ; such as promises to seamen, to pay them extra wages for the performance of their duty.
“ Every seaman,” says chancellor Kent, in his Commentaries, (3 Kent, 185,) “ is bound, from the nature and terms of his contract, to do his duty in the service, to the utmost of his ability, and, therefore, a promise made by the master when the ship is in distress, to pay extra wages, as an inducement to extraordinary exertion, is illegal and void.” So it was held by lord Kenyon, in the case of Harris v. Watson, Peake, 72. But it was held by lord Ellenborough, that such a promise was not void on the ground of illegality, but on the ground of. a want of consideration, which, as it seems to us, is better founded on general principles. Stilk v. Myrick, 2 Camp. 317; Bridge v. Cage, Cro.Jac.103. But however this may be, it is vvell settled that such a promise is void.
*221 So it has been decided, that a promise of extra compensation to a witness, in case he would attend court, and give testimony, at considerable expense and inconvenience to himself, was void, and that he could only recover his fees allowed by law, he- having done no more than he was in duty bound to do.
These decisions, and the principles on which they are founded, are decisive against the plaintiff’s claim in the present case; it was his duty, when on the watch he discovered Hollihan setting fire to the outhouse, to make complaint, and cause him to be arrested,..or to give notice to the mayor, or some other city officer, that they might prosecute him. He preferred himself to prosecute rather than to give notice to the city authorities; doubtless with the hope of entitling himself thereby to the large reward offered. But this will not help him. The principal object of the reward offered was to obtain the detection of the offender; the conviction was required to ascertain who was the offender. But to entitle the plaintiff to the reward, he must show that he is so entitled, as well for the detection as for the conviction of the offender. The reward cannot be apportioned. But the plaintiff is not entitled thereto for either service. He discovered the offender while he was on duty as a watchman, and was bound to give notice, or to cause him to be arrested; and he preferred the latter course , but he could not thereby subject the defendants to a liability, to which they would not be subject, if he had given notice to some one of the city officers.
For these reasons, briefly stated, and on principles well settled by the authorities, we are of opinion, that this action cannot be maintained; and the plaintiff must become nonsuit.